B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Thomas H. Casey, Chapter 7 Trustee | **DEFENDANTS**<br>Andrew Moore, an individual and Nobie Moore, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey S. Shinbrot, Esquire; JEFFREY S. SHINBROT, APLC<br>8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211<br>(310)659-5444;(310)878-8304 Fax | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Complaint for Avoidance, Recovery & Reservation of Preferential Transfers ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 128,000.00 |
| Other Relief Sought ||

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Stuart Moore, (USA), LTD. | BANKRUPTCY CASE NO.<br>8:16-bk-12110-ES | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Erithe A. Smith | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>10/22/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey S. Shinbrot | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey S. Shinbrot, Esquire (155486)<br>JEFFREY S. SHINBROT, APLC<br>8200 Wilshire Blvd., Suite 400<br>Beverly Hills, CA  90211<br>(310)659-5444<br>(310)878-8304<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>STUART MOORE (USA), LTD.,<br>STUART MOORE, LTD.<br>STUART MOORE (NEWPORT BEACH), LTD.,<br>STUART MOORE (SAN FRANCISCO), LTD.,<br>This pleading affects: ALL DEBTORS<br><br>Debtor(s). | CASE NO.: 8:16-bk-12110-ES<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| Thomas H. Casey, Chapter 7 Trustee<br><br>Plaintiff(s)<br>Versus<br>Andrew Moore, an individual and Nobie Moore, an individual<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____  **Address:**
**Time:** _____  ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____  ☐ 3420 Twelfth Street, Riverside, CA 92501
☒ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                        Page 1                                        F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

           **KATHLEEN J. CAMPBELL**
           **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
           Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*　　　　　　　　　　Page 2　　　　　　　　　　**F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
*Date*    *Printed Name*    *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 3    **F 7004-1.SUMMONS.ADV.PROC**

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (310) 659-5444
Fax: (310) 878-8304

Counsel for THOMAS H. CASEY,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>STUART MOORE (USA), LTD.,<br>STUART MOORE, LTD.<br>STUART MOORE (NEWPORT BEACH), LTD.,<br>STUART MOORE (SAN FRANCISCO), LTD.,<br><br>　　　　Debtors.<br><br>This pleading affects:<br>All Debtors　　　　　　　　　　　　X<br>Stuart Moore (USA), Ltd.　　　　　☐<br>Stuart Moore, Ltd.　　　　　　　　☐<br>Stuart Moore (Newport Beach), Ltd.　☐<br>Stuart Moore (San Francisco), Ltd.<br><br>THOMAS H. CASEY, Chapter 7 Trustee,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW MOORE, an individual and NOBIE MOORE, an individual.<br><br>　　　　Defendants. | Jointly Administered Under Case Number: 8:16-bk-12110-ES<br><br>Chapter 7<br><br>Adv. Case No.<br><br>**COMPLAINT FOR AVOIDANCE, RECOVERY & PRESERVATION OF PREFERENTIAL TRANSFERS**<br><br>STATUS CONFERENCE<br><br>Time: T.B.A.<br>Date:<br>Place: Crtrm 5A<br>　　　　411 W. Fourth Street<br>　　　　Santa Ana, CA 92701 |

COMPLAINT

Thomas H. Casey, Chapter 7 trustee ("Plaintiff") for the bankruptcy estates ("Estates") of Stuart Moore, Ltd., Stuart Moore (USA), Ltd., Stuart Moore (Newport Beach), Ltd., and Stuart Moore (San Francisco), Ltd. (the "Debtors") submits this Complaint for Avoidance, Recovery, and Preservation of Preferential Transfers against Andrew Moore and Nobie Moore.

## STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (F) (proceedings to determine, avoid, or recover preferences), and (O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship). To the extent that any claim for relief in this complaint is determined to be non-core, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

2. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 547, 550, 551, & 502 (a proceeding to avoid, recover, preserve preferences and for disallowance of claims).

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, in that this civil proceeding arises in, arises under, and relates to bankruptcy cases pending in the United States Court for the Central District of California, Santa Ana Division.

4. Venue properly lies in the Central District of California, Santa Ana Division in that this adversary proceeding arises in or is related to a case in this District under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5. Plaintiff is the duly appointed and acting Chapter 7 Trustee for the bankruptcy Estates. As Chapter 7 Trustee, Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 547, 544, 550, 551 &502.

6.    Plaintiff is informed and believes that Defendant Andrew Moore ("Andrew") is an individual residing in Orange County, California.

7.    Plaintiff is informed and believes that Andrew is an insider of the Debtors pursuant to 11 U.S.C.§ 101(31) and is an insider based on the (1) closeness of his relationship with the Debtors and (2) the failure to negotiate the relevant transaction at less than arm's length.

8.    Plaintiff is informed and believes that Defendant Nobie Moore ("Nobie") is an individual residing in Orange County, California.

9.    Plaintiff is informed and believes that Nobie is an insider of the Debtors pursuant to 11 U.S.C.§ 101(31) and is an insider based on the (1) closeness of her relationship with the Debtors and (2) the failure to negotiate the relevant transaction at less than arm's length.

## GENERAL ALLEGATIONS

10.    On May 18, 2016, involuntary petitions ("Petition Date") were filed against the Debtors

11.    No opposition was filed to the involuntary petitions, and on June 23, 2016, the Court entered the Orders for Relief and Orders to File Schedules.

12.    On July 19, 2016, the Trustee was appointed as Chapter 7 trustee of the four Debtor Entities.

13.    On July 20, 2016, Debtors filed their Schedules and Statement of Financial Affairs.

14.    Plaintiff is informed and believes that in or around February 2014, settlement agreement and mutual release between Stuart Wyndham Leight Moore , an ididvidual, Stuart Moore (USA) Ltd., a Delaware corporation, Stuart Moore (Newport Beach) Ltd., a California corporation , Stuart Moore (New York) Ltd., a New York corporation, Stuart Moore (San Franscisco) Ltd., a California corporation and Stuart Moore (International) Limited, a Guersey corporation ("the "Moore Companies') and

Andrew Moore and Nobie Moore, who are and were husband and wife.

15. Under the settlement agreement the Moore Companies were required to pay to Andrew and Nobie Moore the sum of five hundred and sixty thousand dollars ($560,000.00).

16. Plaintiff is informed and believes that Andrew and Nobie received $128,000.00 in payments during the year preceding the commencement of the Debtors' chapter 7 cases from the Debtors (the "Transfers").

17. Plaintiff is informed and believes that prior to the Transfers, Debtors had an interest in the money transferred.

## FIRST CLAIM FOR RELIEF

(Avoidance of Preferential Transfers – 11 U.S.C. §547 Against Andrew and Nobie)

18. Plaintiff incorporates by reference paragraphs 1 through 17 above as though set forth in full here.

19. Plaintiff is informed that the Transfers were a transfer of an interest of the Debtors in property that was made to or for the benefit of a creditor on account of an antecedent debt owed by one or more of the Debtors before the Transfers were made.

20. Defendants Andrew and Nobie were the recipients of the Transfers and are insiders as defined by the Bankruptcy Code and applicable Ninth Circiut standards.

21. The Transfers enabled Defendants Andrew and Nobie to receive more than they would have received if the Debtors' case were a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made, and Defendants had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

22. As of the filing of this Complaint, neither Defendant Andrew nor Nobie has not returned the Transfers to the Debtors.

23. Plaintiff may avoid and recover the Transfers as a preference pursuant to 11 U.S.C. § 547(b)(4)(A)&(B).

///

3    COMPLAINT

# SECOND CLAIM FOR RELIEF

(Recovery of Property Pursuant to 11 U.S.C. §550 agaisnt Andrew and Nobie)

24. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. Plaintiff is informed and believes that Defendants Andrew and Nobie are either (a) the initial transferee(s) of the Transfers or the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee(s) of the intital transferee(s).

26. Pursuant to 11 U.S.C. § 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from each Defendant the Transfers or the amount thereof, plus interest thereon from the date of payment.

# THIRD CLAIM FOR RELIEF

(To Preserve Transfers for the Benefit of the Estate

Pursuant to 11 U.S.C. §551)

27. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the Estates as the Transfers are avoidable under 11 U.S.C. §§ 544 and 550 as set forth above.

# FOURTH CLAIM FOR RELIEF

(Disallowance of Claims Pursuant to 11 U.S.C. §502 Against Andrew and Nobie)

29. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. Pursuant to 11 U.S.C. § 502(d), any and all claims Andrew and Nobie have against the Estates must be disallowed until such time as they pay Plaintiff the amount equal to the Transfers plus interest thereon.

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

A. For entry of judgment against Andrew Moore avoiding the Transfers;

B. For entry of judgment agaisnt Nobie Moore avoiding the Transfers;

C. For entry of judgment recovering the avoided Transfers;

D. For entry of judgment that the avoided Transfers is preserved for the benefit of the Estates;

E. For entry of judgment in a monetary amount equal to the value of the Transfers against Andrew Moore;

F. For entry of judgment in a monetary amount equal to the value of the Transfers against Nobie Moore;

G. For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute and/or agreement of the parties;

H. For disallowance of any and all claims of Andrew Moore agaisnt the Estates until such time as he pays Plaintiff the amount equal to the Transfers plus interes thereon;

I. For disallowance of any and all claims of Nobie Moore agaisnt the Estates until such time as she pays Plaintiff the amount equal to the Transfers plus interes thereon; nd

J. For such other relief as the Court deems just and proper.

Dated: 10/22/2018                                        THE SHINBROT FIRM

By:/s/Jeffrey S. Shinbrot
Jeffrey S. Shinbrot, Counsel for Chapter 7 Trustee, Thomas H. Case

5                                                                                          COMPLAINT